Dana L. Sullivan
Oregon Bar No. 944834
BUCHANAN ANGELI
SULLIVAN & FERRER LLP
621 SW Morrison Street, Suite 1250
Portland, Oregon 97205
Tel: (503) 974-5023
Fax: (971) 230-0337
dana@baaslaw.com
*Local Counsel for Plaintiff*

Clif Alexander (admitted *pro hac vice)*
Texas Bar No. 24064805
clif@a2xlaw.com
Austin W. Anderson (admitted *pro hac vice*)
Texas Bar No. 24045189
austin@a2xlaw.com
ANDERSON ALEXANDER, PLLC
101 N. Shoreline Blvd., Ste. 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284
*Lead Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **GRETCHEN SCHMIDT, Individually and on behalf of all others similarly situated** ***Plaintiff,*** **v.** **SIGNATURE GROUP, LLC** ***Defendant.*** | **Civil Action No. 3:25-CV-01561-AN** **SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT** **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

Plaintiff—Gretchen Schmidt ("Plaintiff" or "Schmidt")—brings this action individually and on behalf of all current and former Healthcare Providers (collectively, "Plaintiff and the Putative Collective/Class Members") who worked for Signature Group, LLC ("Signature") , at any time during

the relevant statutes of limitations, through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, and Washington statutory law, including Washington Minimum Wage Act, REV. CODE WASH. CH. 49.46, *et seq.* ("MWWA"); Washington Wage Rebate Act, REV. CODE. WASH. CH. 49.52, *et seq.* ("WWRA"); and Washington Administrative Code, WASH. ADMIN. CODE § 296-126-092 ("WAC") (collectively, the "Washington Acts").

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while her additional state law claims are asserted as a class action under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1. This is a collective action to recover liquidated damages, and other applicable penalties brought pursuant to the FLSA, and a class action pursuant to the state laws of Washington under FED. R. CIV. PROC. 23 to recover unpaid wages, liquidated damages, and other applicable penalties.

2. Plaintiff and the Putative Collective/Class Members are those similarly situated persons who have worked for Defendant at any time during the relevant time period(s) and have not been paid for all hours worked, nor the correct amount of overtime in violation of state and federal law.

3. As a result, Defendant's employees were not paid (and remain unpaid) for all hours worked, including overtime hours, during their alleged post-shift hours in violation of the FLSA and various state laws.

4. Defendant knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked and the proper amount of overtime on a routine and regular basis during the relevant time period(s).

5. Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or various state laws.

6. Plaintiff and the Putative Collective/Class Members seek to recover liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid wages, liquidated damages, and other damages owed under the state laws of Washington as a class action pursuant to Federal Rule of Civil Procedure 23.

7. Plaintiff prays that all similarly situated Healthcare Providers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

8. Plaintiff also prays that the Rule 23 class be certified as defined herein, and the Plaintiff designated herein be named the Class Representative of the Washington Class.

## II.
## THE PARTIES

9. Plaintiff Gretchen Schmidt ("Schmidt") is a resident of Washington and was employed by Defendant in Washington during the relevant time periods. Plaintiff Schmidt did not receive compensation for all hours worked in the time frame required under the FLSA and the state laws of Washington.[1]

10. The FLSA Collective Members are those current and former Healthcare Providers who were employed by Defendant, anywhere in the United States, from September 3, 2022, through

[1] The written consent of Gretchen Schmidt is on file with the Court at ECF No. 1–1.

the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Schmidt worked and was paid.

11. The Washington Class Members are those current and former Healthcare Providers who were employed by Defendant, in Washington, at any time from September 3, 2022, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Schmidt worked and was paid.

12. Defendant Signature Group, LLC is a domestic limited liability company, organized under the laws of the State of Oregon with a principal office in Wilsonville, Oregon, and has been served and appeared herein.

## III.
## JURISDICTION & VENUE

13. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

14. This Court has original jurisdiction over the additional state law claims pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, 1711–15 ("CAFA") because the amount in controversy exceeds $5,000,000.00 in the aggregate and there is minimal diversity of citizenship between the Parties.

15. This Court also has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

16. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

17. Venue is proper pursuant to 28 U.S.C. § 1391 in the District of Oregon because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

18. Additionally, Signature's principal office is in Wilsonville, Oregon, which is located within this District and Division.

## IV.
## ADDITIONAL FACTS

19. Defendant provides in-home healthcare solutions such as hospice care, palliative care, and in-home rehabilitative services across the United States.[2]

20. .

21. To provide their services, Defendant employed (and continues to employ) numerous Healthcare Providers—including Plaintiff and the individuals that make up the putative collective and class.

22. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout Defendant's service locations throughout the United States.

23. Defendant employed Plaintiff Schmidt as an in-home nurse from approximately 2014 until October 2022.

24. During that time, Plaintiff performed services for Defendant's clients throughout the State of Washington.

25. As Healthcare Providers, Plaintiff and the Putative Collective/Class Members were paid an hourly rate and were responsible for providing in-home healthcare to Defendant's clients.

26. As Healthcare Providers, Plaintiff and the Putative Collective/Class Members traveled to Defendant's clients' homes and provided them with medical services such as hospice care and palliative care.

27. Defendant regularly scheduled its Healthcare Providers to work four (4) to five (5) days a week, and they typically worked forty-two (42) to forty-three (43) hours each week.

### Unpaid Post Shift Work

[2] https://signaturehch.com/services/ (last visited 10/9/2025);

28. Defendant has a company-wide policy and practice that prohibits Plaintiff and the Putative Collective/Class Members from working in excess of eight (8) hours in a day unless pre-approved.

29. Should Plaintiff or a Putative Collective/Class Member record working in excess of eight (8) hours in a day, they can be (and often are) subject to discipline.

30. Defendant also requires Plaintiff and the Putative Collective/Class Members to visit a set number of clients each day and to complete all necessary paperwork for each day.

31. Should Plaintiff or a Putative Collective/Class Member not complete their client visits and required paperwork each day they can (and often are) be subject to discipline.

32. Due to the complex nature of providing healthcare in a home setting, the time required to complete medical documentation, and the time spent driving between each client's home, Plaintiff and the Putative Collective/Class Members typically did not have time to complete their paperwork during each visit, but instead had only enough time to provide care to the client before having to rush off to the next appointment in order to keep to their designated schedule.

33. Due to the appointment schedule Defendant imposed on Plaintiff and the Putative Collective/Class Members, Plaintiff and the Putative Collective/Class Members often had to complete their required paperwork, such as charting, after the workday and without pay.

34. Because Defendant would not allow Plaintiff and the Putative Collective/Class Members to record more than eight (8) hours in a workday, any charting or paperwork that Plaintiff and the Putative Collective/Class Members could not complete during the workday had to be completed after their workday and without pay.

35. Should a Plaintiff or Putative Collective/Class Member record the time spent after their shift completing the required paperwork, they would be subject to discipline for exceeding eight (8) hours of recorded work in a day.

36. Should a Plaintiff or Putative Collective/Class Member not complete the required paperwork in the day in which they performed the work, they would be subject to discipline by Defendant for not completing the required paperwork.

37. As a result, the only way Plaintiff and the Putative Collective/Class Members could avoid discipline, was (and is) to perform the required paperwork off-the-clock after their shift and without pay.

38. Plaintiff and the Putative Collective/Class Members typically spent between two (2) and two and one-half (2.5) hours off-the-clock each day completing their required paperwork.

39. Defendant was (and continues to be) aware that Plaintiff and the Putative Collective/Class Members regularly worked (and continue to work) off-the-clock after their shift end time without pay in violation of the FLSA and Washington state law.

40. Specifically, Defendant was aware that Plaintiff Schmidt was working off-the-clock after her shift end time because she reported to her administrator that she was unable to complete her paperwork within the eight (8) hour time limit. In response to her notice, Plaintiff Schmidt's administrator informed her she would simply have to work faster because she could not report more than eight (8) hours of work in a day and had to complete the paperwork that day.

41. Defendant was also aware of Plaintiff and the Putative Collective/Class Members' off-the-clock work because the required paperwork was submitted electronically which generated a time stamp thereby notifying Defendant that the required paperwork was completed and submitted after hours.

42. In mid-October of 2022, the second to last week Plaintiff Schmidt worked for Defendant, Plaintiff Schmidt worked her regularly scheduled hours (for which she was paid) in addition to approximately 11.25 hours off-the-clock (for which she was not paid). Some or all of those

off-the-clock hours constituted hours worked over forty (40) in a workweek and thus Defendant failed to pay Plaintiff Schmidt the overtime wages to which she was entitled.

43. Defendant's policies resulted (and continue to result) in Plaintiff and the Putative Collective/Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and Washington state law.

44. Defendant knew or should have known that its failure to pay Plaintiff and the Putative Collective/Class Members for all hours worked violated the FLSA and the Washington state wage laws alleged herein.

45. Because Defendant failed to timely pay Plaintiff and the Putative Collective/Class Members their earned wages, Defendant's pay policies and practices willfully violated (and continue to violate) the FLSA and the Washington state wage laws alleged herein.

46. Plaintiff and the Putative Collective/Class Members seek to recover liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid wages pursuant to the Washington state wage laws alleged herein.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

### A. FLSA COVERAGE

47. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER HEALTHCARE PROVIDERS WHO WERE EMPLOYED BY SIGNATURE GROUP, LLC,ANYWHERE IN THE UNITED STATES, FROM SEPTEMBER 3, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

48. At all material times, Plaintiff and the FLSA Collective Members have been employees within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

49. At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

50. Specifically, Defendant provides healthcare services across the United States, purchase materials through commerce, transport materials through commerce and on the interstate highways, and conduct transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

51. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendant, these individuals have provided services for Defendant that involved interstate commerce for purposes of the FLSA.

52. In performing work for Defendant, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

53. Specifically, Plaintiff and the FLSA Collective Members are employees of Defendant who assisted Defendant's clients throughout the United States. 29 U.S.C. § 203(j).

54. At all material times, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

55. The proposed class of similarly situated employees, i.e., putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 48.

56. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

## B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

57. Defendant violated provisions of Sections 7, and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA and failing to timely pay them the correct amount of overtime compensation.

58. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendant's acts or omissions as described herein; though Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

59. Moreover, Defendant knowingly, willfully, and with reckless disregard carried out their illegal pattern of failing to timely pay Plaintiff and other similarly situated employees for all hours worked.

60. Defendant knew or should have known its pay practices were in violation of the FLSA.

61. Defendant is asophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

62. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendant to pay them timely, according to the law.

63. The decision and practice by Defendant to not timely pay for all hours worked, including overtime hours, was neither reasonable nor in good faith.

64. Accordingly, Plaintiff and the FLSA Collective Members are entitled to liquidated damages in an amount equal to that of any wages that were paid after their regularly scheduled pay date and attorneys' fees and costs.

**C. COLLECTIVE ACTION ALLEGATIONS**

65. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendant's employees who have been similarly situated to Plaintiff with regard to the work they performed, the manner in which they were paid, and their common subjugation to the policies and procedures implemented by Defendant.

66. Other similarly situated employees of Defendant's have been victimized by Defendant's patterns, practices, and policies related to the unpaid work which are in willful violation of the FLSA.

67. The FLSA Collective Members are defined in Paragraph 48.

68. Defendant's failure to pay Plaintiff and the FLSA Collective Members for all hours worked within the time frame required by the FLSA results from Defendant's generally applicable policies and practices and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

69. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

70. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

71. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be timely paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

72. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

73. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations.

74. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

75. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined in Paragraph 48 and notice should be promptly sent.

**COUNT TWO**
**(Class Action Alleging Violations of the Washington Acts)**

**A. WASHINGTON ACTS COVERAGE**

76. Plaintiff further brings this action pursuant to Washington wage and hour law, alleging violations of the WMWA, WWRA, and WAC for actions (and inactions) described above.

77. The Washington Class is defined as:

> **ALL HEALTHCARE PROVIDERS WHO WERE EMPLOYED BY SIGNATURE GROUP, LLCIN THE STATE OF WASHINGTON, AT ANY TIME FROM SEPTEMBER 3, 2022, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Washington Class Members").**

78. At all relevant times Defendant has been an "employer" subject to the requirements of the Washington Acts. *See* RCW 49.46.010(4); see also RCW 49.48.082(6)

79. At all relevant times, Defendant employed Plaintiff and the Washington Class Members as "employees" within the meaning of the Washington Acts. *See* RCW 49.46.010(3); see also RCW 49.48.082(5)(a)

80. The Washington Acts require employers, like Defendant, to pay non-exempt employees, including Plaintiff Schmidt and the Washington Class Members, overtime wages at rates

not less than 1.5 times their regular rates of pay—based on all remuneration received—for all hours worked in excess of forty (40) in a workweek. *See* RCW 49.46.130.

81. Plaintiff Schmidt and the Washington Class Members were (and continue to be) entitled to overtime pay under the Washington Acts.

**B. WASHINGTON ACTS VIOLATIONS**

82. Defendant violated (and continues to violate) the Washington Acts by failing to pay non-exempt employees (Plaintiff Schmidt and the Washington Class Members) overtime wages at rates not less than 1.5 times their regular rates of pay—based on all remuneration received—for all hours worked in excess of forty (40) in a workweek, including those worked "off the clock" after their shift ended. *See* RCW 49.46.130.

83. The Washington Acts also prohibit employers, like Defendant, from depriving employees, including Plaintiff Schmidt and the Washington Class Members, of "any part of his or her wages" and from "pay[ing] any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance or contract." RCW 49.52.050.

84. Defendant violated (and continues to violate) the Washington Acts by willfully withholding earned wages from Plaintiff Schmidt and the Washington Class Members for the hours they worked after their respective shifts ended, and which Defendant was obligated to pay under the Washington Acts. *See* RCW 49.52.050.

85. Defendant also violated (and continues to violate) the Washington Acts by willfully withholding earned overtime wages from Plaintiff Schmidt and the Washington Class Members, which federal and Washington law (e.g., the FLSA and the Washington Acts) obligated Defendant to pay at rates not less than 1.5 times their regular rates of pay—based on all remuneration received. *See* RCW 49.52.050.

86. Defendant's unlawful conduct harmed Plaintiff Schmidt and the Washington Class Members by willfully withholding earned wages (including earned overtime wages at the proper premium rate) from these employees which they are owed under Washington law.

87. Accordingly, Defendant owes Plaintiff Schmidt and the Washington Class Members their willfully withheld earned wages plus exemplary damages in an amount equal to two (2) times their willfully withheld wages (RCW 49.52.070), as well as pre-judgment interest at a rate of 12% per annum (RCW 19.52.020).

88. Defendant also owe Plaintiff Schmidt and the Washington Class Members the difference between the wages paid and the proper overtime wages earned (RCW 49.46.090) plus pre-judgment interest at a rate of 12% per annum (RCW 19.52.020).

89. Finally, Plaintiff Schmidt and the Washington Class Members are also entitled to recover their reasonable attorney's fees and costs incurred in this action. *See* RCW 49.46.30.

**C. WASHINGTON ACTS CLASS ALLEGATIONS**

90. Plaintiff brings her claims under the Washington Acts as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Defendant to work in Washington since September 3, 2022.

91. Class action treatment of the Washington Class Members is appropriate because, as alleged below, all of the Federal Rule of Civil Procedure 23's class action requisites are satisfied.

92. The number of Washington Class Members is so numerous that joinder of all class members is impracticable.

93. Plaintiff's claims share common questions of law and fact with the claims of the Washington Class Members.

94. Plaintiff is a member of the Washington Class, her claims are typical of the claims of the other Washington Class Members, and she has no interests that are antagonistic to or in conflict with the interests of the other Washington Class Members.

95. Plaintiff and her counsel will fairly and adequately represent the Washington Class Members and their interests.

96. Class certification is appropriate under the Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

97. Accordingly, the Washington Class should be certified as defined in Paragraph 78.

## VI.
## RELIEF SOUGHT

98. Plaintiff respectfully prays for judgment against Defendant as follows:

a. For an Order certifying the FLSA Collective as defined in Paragraph 48 and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all FLSA Collective Members;

b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d. For an Order certifying the Washington Class as defined in Paragraph 78 and designating Plaintiff as the Class Representative of the Washington Class;

e. For an Order pursuant to the Washington Acts (including the WMWA, WWRA, and WCA) awarding Plaintiff and the Washington Class Members their statutory damages as allowed by law;

f. For an Order awarding costs and expenses of this action;

g. For an Order awarding attorneys' fees;

h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i. For an Order awarding Plaintiff Schmidt a service award as permitted by law;

j. For an Order compelling the accounting of the books and records of Defendant, at Defendant's own expense; and

k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: January 30, 2026

/s/ Dana L. Sullivan
Dana L. Sullivan
Oregon Bar No. 944834
621 SW Morrison Street, Suite 1250
Portland, Oregon 97205
Tel: (503) 974-5023
Fax: (971) 230-0337
dana@baaslaw.com
BUCHANAN ANGELI
SULLIVAN & FERRER LLP

*Local Counsel for Plaintiff*

/s/ Clif Alexander
Clif Alexander (admitted *pro hac vice)*
Texas Bar No. 24064805
clif@a2xlaw.com
Austin W. Anderson (admitted *pro hac vice*)
Texas Bar No. 24045189
austin@a2xlaw.com
ANDERSON ALEXANDER, PLLC
101 N. Shoreline Blvd., Ste. 610

Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284
*Lead Counsel for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff and the putative Collective and Class are entitled to a jury.

January 30, 2026

Respectfully submitted,

BUCHANAN ANGELI
SULLIVAN & FERRER LLP

s/Dana L. Sullivan
Dana L. Sullivan
Oregon Bar No. 944834
621 SW Morrison Street, Suite 1250
Portland, Oregon 97205
Tel: (503) 974-5023
Fax: (971) 230-0337
dana@baaslaw.com
*Local Counsel for Plaintiff*

s/Clif Alexander
Clif Alexander (admitted *pro hac vice*)
Texas Bar No. 24064805
clif@a2xlaw.com
Austin W. Anderson (admitted *pro hac vice*)
Texas Bar No. 24045189
austin@a2xlaw.com
ANDERSON ALEXANDER, PLLC
101 N. Shoreline Blvd., Ste. 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284
*Lead Counsel for Plaintiff*